**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DURR ECOCLEAN, INC.,**

       **Plaintiff,**              **CIVIL ACTION NO. 07-CV-12063-DT**

  **VS.**                             **DISTRICT JUDGE STEPHEN J. MURPHY III**

**CEMTOL MFG.,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
                                    /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

This matter comes before the Court on Plaintiff's Motion to Compel filed on October 15, 2008. (Docket no. 35). Defendant has filed a Reply brief. (Docket no. 38). The parties filed a Statement of Resolved/Unresolved Issues on October 30, 2008. (Docket no. 40). This Court held a hearing on Plaintiff's Motion on October 31, 2008. Plaintiff's Motion was referred to the undersigned for decision. (Docket no. 36). This matter is now ready for ruling.

This action involves claims for breach of contract and other relief relating to products and services Plaintiff provided to automate an engine crankshaft line at Defendant's facility in Guelph, Ontario. The only issue to be resolved by Plaintiff's Motion is whether Defendant should be compelled to supplement its response to Document Request No. 9 of Plaintiff's First Request for Interrogatories and Production of Documents. (Docket no. 40). Document Request No. 9 asks Defendant to produce "all documents, communications, internal memoranda, and/or emails between Cemtol and/or Linamar and DaimlerChrysler relating to the DCX 3.7L crankshaft project." Defendant's response to the request was to object because the request was overbroad, unduly burdensome, and sought information not relevant to the matter. (Docket no. 35 at 10). Defendant

also contends that the requested information is no longer relevant to the case because it is no longer seeking damages related to any requirements associated with Defendant's customer, Chrysler. (Docket no. 38 at 7).

The Court finds that the document request is proper and that a further response is required from Defendant. Defendant's self-limitation on damages does not cause the requested documents to be irrelevant. The crankshaft project is at the heart of this lawsuit and the request appears to be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). In order to lessen the burdensomeness of the request and its breadth, the Court will limit Plaintiff's request to the time period from January 2004 until March 2007. With that limitation, the burden of producing the documents does not outweigh their likely benefit. Accordingly, the Court will order a further response from Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 35) is **GRANTED** to the extent that Defendant shall produce documents responsive to Plaintiff's Document Request No. 9, limited to the time period from January 2004 until March 2007, on or before November 21, 2008.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 31, 2008     s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this order was served upon counsel of record on this date.

Dated: October 31, 2008     s/ Lisa C. Bartlett
                            Courtroom Deputy